UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DENNIS ARCENEAUX** | * | **CIVIL ACTION NO. 25-1444** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **HUNTINGTON INGALLS INCORPORATED, F/K/A NORTHRUP GRUMMAN SHIP SYSTEMS, INC., F/K/A AVONDALE INDUSTRIES INC., AND UNDERWRITERS AT LLOYD'S LONDON** | * * * | **MAGISTRATE JUDGE EVA J. DOSSIER** |
| * * * * * * * | | |

## ORDER & REASONS

Before the Court are three motions. Defendant Huntington Ingalls Incorporated, f/k/a Northrop Grumman Shipbuilding, Inc., and f/k/a Avondale Industries, Inc. ("Avondale") filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). R. Doc. 14. Plaintiff Dennis Arceneaux opposed the motion. R. Doc. 18. Avondale replied. R. Doc. 22. Defendants Certain Underwriters at Lloyd's, London and London Market Companies (collectively, "London Market Insurers") also filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). R. Doc. 15. Plaintiff did not oppose the motion.

Plaintiff, however, filed his own motion. R. Doc. 19. He requests leave of court to file an amending complaint for declaratory and injunctive relief and for damages. *Id.* Avondale opposed the motion, and the London Market Insurers joined in its opposition. R. Docs. 24, 25. Considering the record, briefing, and applicable law, the Court now rules as follows.

I. **BACKGROUND**

This is an action for declaratory and injunctive relief against Avondale and the London Market Insurers. R. Doc. 2. Plaintiff avers that he worked at Avondale's shipyards during the late 1960s and early 1970s, and that he was exposed to unsafe levels of asbestos while in the course and scope of his

1

job. *Id.* at 2–3. Plaintiff explicitly pleads that he "anticipates that Avondale . . . would treat his damages action as they have every other damages action for mesothelioma, which is to remove the action from Louisiana state court to this Court based on federal officer status." *Id.* at 3. He states that "Louisiana State Court will be the venue of Plaintiff's choice for his damages action." *Id.*

As such, Plaintiff asks this Court to "exercise its jurisdiction to declare Avondale . . . without status as a government contractor and holder of derivative immunity in mesothelioma damages actions." *Id.* at 9. Moreover, Plaintiff explicitly prays for a declaratory judgment that Avondale cannot establish entitlement to federal officer immunity not just in Plaintiff's suit, but also in other "failure to warn claim[s] and failure to safely use asbestos claim[s] in a mesothelioma damages action based on asbestos exposure and injuries." *Id.* at 10. As to injunctive relief, Plaintiff asks for an "injunctive judgment prohibiting Avondale . . . from removing Plaintiff's subsequent mesothelioma action for damages . . . when the removal is premised upon Avondale's . . . status as a government contractor or entity with derivative federal immunity." *Id.*

## II. PRESENT MOTIONS

Avondale moves to dismiss Plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) on three grounds: (1) Plaintiff lacks Article III standing because there is no case or controversy here, (2) the amount-in-controversy requirement is not satisfied, and (3) the Complaint fails to state a claim because the Declaratory Judgment Act ("DJA") is a procedural device and thus requires an underlying substantive claim to be filed in order to state a cognizable DJA claim. R. Doc. 14-1. London Market Insurers adopts all of Avondale's arguments. R. Doc. 15. In Plaintiff's opposition, he represents that all of Avondale's arguments will be mooted by the Court permitting him leave to file an amending complaint. R. Doc. 18. His amending complaint, he avers, adds the required damages action that will form the underlying case or controversy. *Id.* In response, Avondale presses that the amending

complaint is not yet operative, that this Court should resolve its motion to dismiss based on the original complaint, and that the Court should not permit Plaintiff to amend his complaint to *add* federal jurisdiction because federal jurisdiction never existed in the first place. R. Doc. 22.

The day after Plaintiff opposed Avondale's motion, he filed the motion for leave to file an amending complaint. R. Doc. 19. Plaintiff represents that the amending complaint adds a damages action against Avondale and retains its original declaratory and injunctive actions. R. Doc. 19-1 at 2. It also seeks to name eight other defendants in the damages claims only. *Id.*; *see also* R. Doc. 19-3. Avondale opposes the motion, arguing that the amending complaint fails to cure the jurisdictional and legal defects present in the original complaint. R. Doc. 24 at 2. It also reasserts that amendment cannot serve to retroactively create subject matter jurisdiction. *Id.*

### III. APPLICABLE LAW

#### a. Rule 12(b)(1)

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to seek dismissal of a complaint based on "lack of subject-matter jurisdiction." The burden of proof of the presence of subject matter jurisdiction is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.*

#### b. Declaratory Judgment Act

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). As the Fifth Circuit has explained,

3

"the purpose of the Declaratory Judgment Act is to settle *actual controversies* before they ripen into violations of law or breach of some contractual duty." *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 926 (5th Cir. 2023) (cleaned up) (emphasis added). In deciding if dismissal of a declaratory judgment action is warranted, a district court must engage in a three-step inquiry, evaluating: "(1) whether the declaratory judgment action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

## IV. DISCUSSION

Avondale asks the Court to dismiss this declaratory and injunctive relief action pursuant to Rule 12(b)(1) because this case is not justiciable. R. Doc. 14. Plaintiff asks the Court to grant him leave to add damages claims to his original complaint, which he asserts would cure the jurisdictional defects. R. Docs. 18, 19. The Court is compelled to address subject matter jurisdiction before turning to the other matters asserted by the parties. *Ramming*, 281 F.3d at 161. Thus, and in accordance with *Sherwin-Williams Co. v. Holmes County*, the Court will first assess whether this declaratory judgment action is justiciable. 343 F.3d at 387. For the following reasons, the Court finds that it does not have subject-matter jurisdiction over the original complaint because this is not a justiciable controversy, and as such, the Court does not have the jurisdictional power to permit the filing of an amending complaint.

### A. Article III Standing and Justiciability Under the Declaratory Judgment Act

Article III of the Constitution limits the jurisdiction of the judiciary to "cases" or "controversies." U.S. Const. art. III, § 2. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Daimler Chrylser Corp. v. Cuno*, 547 U.S. 332, 341–42 (2006) (quoting

4

*Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 37 (1976)). To establish Article III standing, a plaintiff must show three things: (1) that he has suffered an "'injury in fact'—an invasion . . . that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) that "the injury [is] 'fairly traceable to the challenged action of the defendant;" and (3) that "it [is] 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up). The party asserting jurisdiction bears the burden of establishing standing. *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

Avondale challenges whether there is a true "case" or "controversy" present here to give rise to Article III standing. The DJA "requires an 'actual controversy' between the parties to the declaratory judgment action." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). A "controversy" is "distinguished from a difference or dispute of a hypothetical or abstract character." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). "It must be a real and substantial controversy admitting of specific relief through a degree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 241. Said differently, an action under the DJA will not be justiciable—meaning it is not a true "controversy" and would rather present occasion to enter an impermissible advisory opinion—if "[c]omplete resolution of the parties' dispute at bar requires adjudication of issues not before this Court." *Total Gas & Power N. Am., Inc. v. FERC*, No. 16-1250, 2016 WL 3855865, at *8 (S.D. Tex. July 15, 2016), *aff'd*, 859 F.3d 325 (5th Cir. 2017).

The Supreme Court has held that "a declaratory judgment as to the validity of a defense the [defendant] may, or may not, raise in a" future case or proceeding is not justiciable because the "action would not resolve the entire case and controversy . . . but would merely determine a collateral legal issue governing certain aspects of . . . future suits." *Calderon v. Ashmus*, 523 U.S.

5

740, 746–47 (1998). In *Calderon v. Ashmus*, a class of capital prisoners in California sought declaratory and injunctive relief to resolve uncertainty over whether a new chapter of the Antiterrorism and Effective Death Penalty Act of 1996, Chapter 154—which revised procedural rules for federal habeas proceedings in capital cases—applied to them. *Id.* at 743–44. States could "invoke Chapter 154" to receive "certain procedural advantages . . . in habeas proceedings." *Id.* The class sought to have a court declare that California does not qualify for Chapter 154, making Chapter 154 inapplicable to the class members' individual, future habeas suits. *Id.*

In finding that the class did not assert a justiciable claim under the DJA, the Supreme Court reasoned that the true "underlying 'controversy' between [the State] and [the class of prisoners] is whether [each prisoner] is entitled to federal habeas relief setting aside his sentence or conviction obtained in California courts." *Id.* at 746. However, "no such final or conclusive determination was sought in this action. Instead, [the class] carved out of that claim only the question of whether, when he sought habeas relief, California would be governed by Chapter 153 or Chapter 154 in defending the action." *Id.* Importantly, the Supreme Court noted that "[h]ad [each prisoner] brought a habeas action itself, he undoubtedly would have obtained such a determination, *but he seeks to have that question determined in anticipation of seeking habeas so that he will be better able to know, for example, the [chapter] that governs the habeas action*." *Id.* (emphasis added).

Here, Plaintiff is seeking the same litigation benefit sought by the class of prisoners in *Calderon*—an advance ruling by this Court on a single, collateral issue that is but one small piece of a larger dispute. If this Court granted Plaintiff's requested declaratory and injunctive relief, that judgment would not "completely resolve" the true dispute between Plaintiff and any asbestos-related defendants he may sue in a future damages action: whether any entities are liable to Plaintiff for damages in connection with his mesothelioma diagnosis. *See* R. Doc. 2 at 10 (discussing the

damages claims Plaintiff wishes to advance in a future Louisiana state court action). Instead, like the *Calderon* class members that wished to have a court declare that California could not invoke a certain statute in future cases, Plaintiff wishes for this Court to declare that Avondale cannot invoke a certain statute in his future damages action. This is precisely the sort of piecemeal adjudication the Supreme Court found to be nonjusticiable in *Calderon*. *See also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 n.7 (2007) ("[*Calderon*] simply holds that a litigant may not use a declaratory-judgment action to obtain piecemeal adjudication of defenses that *would not finally and conclusively resolve* the underlying controversy.").

Based on *Calderon*, the Court concludes that this action for declaratory and injunctive relief is not a justiciable controversy within the meaning of Article III and the DJA. The Court will next assess whether Plaintiff should be afforded leave to amend his complaint in order to cure this jurisdictional defect.

### B. Amendment's Effect on Curing Jurisdictional Defect

Plaintiff bears the burden of pleading facts to establish the existence of this Court's jurisdiction. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (citations omitted). "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. But there are limits to this. While federal rules and statutes such as Rule 15(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1653 allow parties to amend defective allegations of jurisdiction in their filing papers, they "cannot be used to 'create jurisdiction retroactively' where it did not previously exist." *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 218 (5th Cir. 2012) (quoting *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985)). Thus, as explained by another court in this district, "[b]ecause this Court did not have subject-matter jurisdiction over the original

complaint, it d[oes] not have the authority to permit the filing of the . . . amended complaint." *Fisher v. United States*, No. 18-5801, 2019 WL 296822, at *2 (E.D. La. Jan. 23, 2019).

## V. CONCLUSION

Considering the foregoing;

**IT IS ORDERED** that the motions to dismiss filed by Avondale and the London Market Insurers, R. Docs. 14 and 15, are hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file amending complaint, R. Doc. 19, is hereby **DENIED AS MOOT**.

New Orleans, Louisiana, this 10th day of November, 2025.

_____
THE HONORABLE ELDON E. FALLON